# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| **JERRY G. CARRINGTON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15-cv-1264-TMP |
| | ) | |
| **CAROLYN W. COLVIN,** | ) | |
| **COMMISSIONER OF SOCIAL** | ) | |
| **SECURITY,** | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES

Before the court is plaintiff Jerry G. Carrington's Application for Attorney's Fees Under the Equal Access to Justice Act ("EAJA"), filed April 9, 2018. (ECF No. 17.) Among other attachments, plaintiff's motion includes a fee agreement and a power of attorney agreement demonstrating that Carrington has assigned the right to receive any EAJA fees to counsel. (ECF Nos. 17-3, 17-4.) The government responded on April 17, 2017, indicating that, unless plaintiff owes a federal debt, it does not object to the sum sought or to the payment being made directly to plaintiff's counsel. (ECF No. 19.)

Under the Equal Access to Justice Act, the court shall "award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . , including

proceedings for judicial review of agency action, brought by or against the United States . . . , unless the Court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). As the court reversed and remanded the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g), Carrington qualifies as a prevailing party under the EAJA. The court concludes that there are no special circumstances that would make an award unjust. Consequently, Carrington is entitled to an award under the EAJA. Lena Beal, Carrington's counsel, has submitted an itemized affidavit in support of the EAJA motion, documenting 27.6 hours of attorney time expended on the case. (ECF No. 17-1.) The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The court finds that Beal's submitted rate of $190.54 per hour is acceptable, based on a cost of living comparison of the 1996 and 2015 annual CPIs for the Urban South. That rate computes to a total of $5,258.90 for the 27.6 hours of work performed on this case.

Because the government has indicated its intent, upon the determination that Carrington owes no debt to the United States, to make the fee "payable to Plaintiff's attorney," (ECF No. 19

at 1 n.1), the court considers the government to have waived the Anti-Assignment Act ("AAA") requirements in this case. See Kerr for Kerr v. Comm'r of Soc. Sec., 874 F.3d 926, 934 (6th Cir. 2017) (noting that "[i]t is well established . . . that the Government can waive coverage of the Anti-Assignment Acts." (quoting Riviera Fin. of Texas, Inc. v. United States, 58 Fed. Cl. 528, 530 (2003))). Accordingly, the court finds that it is appropriate to award payment directly to Carrington's counsel subject to offset to satisfy any pre-existing debt that Carrington may owe to the United States. See id. ("Unless the government waives application of the AAA in EAJA cases, fee awards must be paid to the prevailing party, not to the party's lawyer.").

Therefore, Carrington's motion for attorney's fees is GRANTED. Carrington is awarded attorney's fees in the amount of $5,258.90 to be paid by the Social Security Administration. As mentioned, the motion for an EAJA award includes a document demonstrating that Carrington has assigned the right to receive any EAJA fees to counsel, and the government has exercised its discretion to waive application of the AAA by indicating its intent to make the fee payable to counsel pursuant to said assignment. In Astrue v. Ratliff, 560 U.S. 586 (2010), the Supreme Court held that EAJA awards belong to the litigant rather than to the attorney and may be offset to satisfy the

litigant's pre-existing debt to the government. If it is verified that Carrington owes no pre-existing debt to the United States, the Commissioner shall pay the EAJA award to Carrington's counsel.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

April 17, 2018
Date
